IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| TONYA HANSBERGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:16-cv-00056 |
| ) | |
| L'ITALIA RESTAURANT, LLC, ) | By: Elizabeth K. Dillon |
| ) | United States District Judge |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tonya Hansberger is a former employee of defendant L'Italia Restaurant, LLC (L'Italia), where she worked for approximately fifteen months. She asserts claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, alleging that L'Italia failed to pay her overtime for hours she worked over 40 hours per week. L'Italia contends that Hansberger is an exempt employee and thus that it was not required to pay her overtime. The matter is set for a jury trial on September 12 and 13, 2017.

Two motions in limine were argued before the court at a pre-trial conference held on September 6, 2017. The first was L'Italia's motion to exclude from evidence Department of Labor (DOL) fact sheets. (Def.'s Mot. Limine, Dkt. No. 28.) The parties agreed at the conference that the DOL fact sheets will be offered, if at all, only during the court's post-verdict determination as to whether liquidated damages should be awarded, should such a determination be necessary after the jury's verdict. L'Italia agreed that the court could consider those documents as part of its determination. Accordingly, and for the reasons discussed during the conference, the court DENIES AS MOOT defendant's motion in limine.

The second motion in limine is Hansberger's motion to exclude tip income evidence. (Pl.'s Mot. Limine, Dkt. No. 21.) In her motion, Hansberger argued that the evidence should be excluded because L'Italia never informed her, as is required under 29 U.S.C. §§ 203(m) and (t), of its intent to rely on FLSA's "tip credit" provision in calculating her minimum wage entitlement.

The "tip credit" appears in Section 203(m) and allows an employer to pay "tipped employees" a reduced minimum wage and then "credit" the remaining amount of the minimum wage from the tips the employees receive. In order to take advantage of the tip credit, the employer must satisfy two prerequisites. First, the employer must inform "the tipped employee . . . of the provisions of this subsection," and second, the employer must allow all tips received by the employee to be retained by the employee. 29 U.S.C. § 203(m); *see also* 29 C.F.R. § 531.59 (directing that an employer is not eligible to take the tip credit "unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act").[1] These two requirements are "strictly construed." *Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 681 (D. Md. 2012) (citation omitted).

In its response to Hansberger's motion, L'Italia argued that it satisfied the notice requirements and stated that it has witnesses prepared to testify about its tip policies and procedure. (Def.'s Opp'n to Pl.'s Mot. Limine, Dkt. No. 24.) In particular, L'Italia asserted that it provided information to tipped employees regarding the FLSA tip credit and also posted an informational poster that includes information about the FLSA tip credit provisions. (*Id.* at 2.) It

---

[1] The regulation then lists what the notice must include: "i.e.: The amount of the cash wage that is to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and that the tip credit shall not apply to any employee who has not been informed of these requirements in this section." 29 C.F.R. § 531.59.

2

urged the court to deny Hansberger's motion or at least hold a separate evidentiary hearing to determine whether the notice requirements were satisfied. (*Id.* at 3.)

At the hearing before the court, the parties raised new arguments not set forth in their briefing. Specifically, Hansberger argued that employers are entitled to a tip credit only where the employer pays less than minimum wage and that, because she is not claiming that she was paid less than minimum wage, how much money she made in tips is irrelevant. Hansberger also pointed to the testimony of L'Italia's Rule 30(b)(6) representative, who testified that Hansberger was given a check each week for tips added to credit cards by customers. He further admitted during his deposition that the restaurant did not withhold any taxes from those tips because the tips were not wages. Hansberger contended that this is further evidence that L'Italia did not, in fact, rely on the tip credit provision in paying her. Additionally, Hansberger argued that even if the tips are somehow relevant, evidence of tip income should be excluded under Federal Rule of Evidence 403, because it could mislead and confuse the jury.

L'Italia responded that the tip credit can be used not only for an employer to cover its minimum wage obligations, but also its overtime obligations. It further contended that the amount of money Hansberger earned in tips is also relevant to other issues in the case. First, there was a period of time at the beginning of Hansberger's employment when she was not a salaried employee, and so tip income is relevant to that time period regardless of whether she was an exempt employee later. Second, in determining whether an employee's primary duty is management, so as to qualify as exempt, one of the factors considered is the relative salary of the employee as compared to other employees. 29 C.F.R. § 541.700(a) (listing considerations that must be considered in determining whether an employee's primary duty is management, including "the relationship between the employee's salary and the wages paid to other employees

3

for the kind of non-exempt work performed by the employee"). L'Italia asserts that the jury must have evidence of tip wages in order to accurately compare Hansberger's and other employees' wages.

The court has considered the arguments of the parties and will deny the motion in limine without prejudice. The court first notes that evidence about whether L'Italia utilized the tip credit, and the amount Hansberger received in tips, is relevant under Rule 401. Fed. R. Civ. P. 401 ("Evidence is relevant if (a) it has any tendency to make a fact more or less probably that it would be without the evidence; (b) the fact is of consequence in determining the action."); Fed. R. Evid. 402 (noting that relevant evidence is generally admissible unless the United States Constitution, federal rules, or federal statutes state otherwise). As explained by L'Italia's counsel at the hearing, such evidence likely bears on the period of time before Hansberger was a salaried employee. It also is relevant to the jury's determination of whether Hansberger was an exempt employee, since exemptions can require a comparison of her salary to other employees' salaries, because it is not possible for the jury to obtain a complete picture of the salaries earned by respective employees absent information about the tips they received.

Furthermore, the greater weight of authority seems to be that an employer who has met the two prerequisites may take advantage of the tip credit provision in § 203(m) even in cases where the plaintiff alleges a failure to pay overtime, rather than a failure to pay the minimum wage. *See Perez v. Ocean View Seafood Rest.*, 217 F. Supp. 3d 868, 875 (D.S.C. 2016) (collecting authority holding that an employer may take advantage of the tip credit even where the allegation is that the employer did not compensate an employee for overtime work or for other hours of work). So, the fact that here Hansberger is making a claim for unpaid overtime, rather than a claim that she was not paid minimum wage, does not render her tip income

4

irrelevant, or prevent L'Italia from utilizing the tip credit, contrary to Hansberger's argument.

Turning to the alleged failure to give notice, it is clear that if L'Italia did not give proper notice, then it may not rely on the tip credit provision. But the court concludes that there are disputes of fact as to whether it gave such notice. Thus, the court cannot rule at this time as to whether proper notice was given. Specifically, although Hansberger has provided an (unsigned) declaration disputing that she ever received notice, L'Italia insists it has witnesses that can rebut her assertions. Relatedly, the court is also not convinced that the deposition testimony of the corporate designee prevents L'Italia's reliance on the tip credit. Again, his testimony that the tips paid were not wages in his view may go to the issue of notice or whether L'Italia intended to and did in fact use the tip credit to pay wages to Hansberger. But given the conflicting evidence as to the issues of intent and notice, the court cannot definitively rule on this issue prior to hearing the evidence.

To the extent allowing evidence about her tips could mislead or confuse the jury, the court concludes that the probative value of the evidence is not substantially outweighed by a danger of confusing the issues, misleading the jury, or otherwise unfairly prejudicing Hansberger. Thus, exclusion under Rule 403 is not proper. Fed. R. Evid. 403. In particular, the court can—and will—give whatever limiting instructions are necessary to lessen any of those dangers. *See United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996) (explaining that "the balance under Rule 403 should be struck in favor of admissibility" and that prejudice from such evidence "can be generally obviated by a cautionary or limiting instruction") (citation omitted). Likewise, in the event that, during trial, the court determines as a matter of law that the tip credit is not available to L'Italia due to a lack of proper notice, it can so inform and instruct the jury.

For all of the foregoing reasons, the court DENIES WITHOUT PREJUDICE plaintiff's motion to exclude testimony and evidence regarding her tip income. (Dkt. No. 21.)

The clerk is directed to provide a copy of this memorandum opinion and order to all counsel of record.

Entered: September 7, 2017.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge