IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| TONYA HANSBERGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:16-cv-00056 |
| | ) | |
| L'ITALIA RESTAURANT, LLC, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This case is before the court on plaintiff Tonya Hansberger's (Hansberger) and defendant L'Italia Restaurant, LLC's (L'Italia) joint motion for summary adjudication (Dkt. No. 36).[1] The parties request that the court determine whether L'Italia's deduction of $100 from Hansberger's pay on January 23, 2016, when L'Italia closed due to inclement weather, defeats L'Italia's affirmative defense that Hansberger was an exempt employee. The court will resolve the joint motion in L'Italia's favor because, even construing the undisputed facts in the light most favorable to Hansberger, the applicable legal principles show that the one-time improper deduction from Hansberger's pay does not destroy the possibility of Hansberger being an exempt employee. This opinion briefly sets forth the reasons for the court's ruling.

I. BACKGROUND

Hansberger alleges that L'Italia, her former employer, misclassified her as exempt from overtime pay provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. In order to qualify under the executive exemption, Hansberger must have been paid on a salary

---

[1] Although the deadline for summary judgment has passed, the court will treat L'Italia's memorandum (Dkt. No. 40) and Hansberger's memorandum (Dkt. No. 44) in support of their joint motion for summary judgment (Dkt. No. 36) as cross-motions for summary judgment.

basis and her job duties must have fallen within one of the exemptions. The parties disagree over both of these issues, but the instant motion involves only the salary requirement.

There are five undisputed facts for purposes of this motion that are relevant to whether L'Italia's deduction defeats its affirmative defense: (1) Hansberger was docked a day's pay when L'Italia closed the restaurant on January 23, 2016, due to inclement weather; (2) this was L'Italia's only deduction from Hansberger's pay; (3) the deduction was improper; (4) L'Italia has no written policy regarding deductions; and (5) Hansberger was not reimbursed for the deduction.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment may be granted if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering cross-motions for summary judgment, the court must "consider each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." *Defs. of Wildlife v. N.C. DOT*, 762 F.3d 374, 392 (4th Cir. 2014) (quoting *Bacon v. City of Richmond, Va.*, 475 F.3d 633, 638 (4th Cir. 2007)). For each motion, "the court must take care to 'resolve all factual disputes and any competing, rational inferences in the light most favorable' to the party opposing that motion." *Id.* (quoting *Wightman v. Springfield Terminal Ry. Co.*, 100 F.3d 228, 230 (1st Cir. 1996)). "The party who bears the burden of proof on an issue at trial, however, cannot survive summary judgment without forecasting evidence sufficient to sustain his or her burden of proof on that point." *McIntyre v. Aetna Life Ins. Co.*, 581 F. Supp. 2d 749, 756 (W.D. Va. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)).

B. Analysis

The parties rely on two primary regulations in their analysis of whether this improper deduction means that Hansberger was not paid on a salary basis and thus loses the exemption. The first is 29 C.F.R. § 541.602. Pursuant to this regulation, an employee is considered to be paid on a "salary basis" if she regularly receives each pay period "a predetermined amount" that is "not subject to reduction because of variations in the quality or quantity of the work performed." Subsections (1) and (2) make clear that an exempt employee must receive her full salary "without regard to the number of days or hours worked" and without deductions for "absences occasioned by the employer or by the operating requirements of the business." 29 C.F.R. § 541.602(1)–(2).

Under the second regulation, 29 C.F.R. § 541.603(a),

> [a]n employer who makes improper deductions from salary shall lose the exemption if the facts demonstrate that the employer did not intend to pay employees on a salary basis. An actual practice of making improper deductions demonstrates that the employer did not intend to pay employees on a salary basis.

In determining whether an "actual practice" exists, the court is to consider a number of factors, including the number of improper deductions and the time period in which they were made, the number of employees whose salary was improperly reduced, and whether the employer has a clearly communicated policy regarding improper deductions. 29 C.F.R. § 541.603(a).

To the extent that Hansberger is arguing that any improper deduction means that the employer cannot meet the "salary basis" requirement for that employee or class of employees, that interpretation of § 541.602 renders § 541.603 meaningless. So, the court does not read § 541.602 as effectively a threshold barrier to even reaching § 541.603. Instead, the court must determine whether the facts demonstrate that L'Italia did not intend to pay employees on a salary basis and, relatedly, whether it had an "actual practice" of making improper deductions, all while

3

heeding § 541.603(e)'s admonition against construing the section "in an unduly technical manner so as to defeat the exemption."[2]

The question of which party bears the burden of showing an employer's actual practice of making improper deductions, or lack thereof, is unsettled. Broad language in some cases suggest it might be the employee's burden. *See, e.g.*, *Yourman v. Giuliani*, 229 F.3d 124, 128 (2d Cir. 2000) ("[W]e must consider whether the appellants [employees] have shown . . . an 'actual practice' by the employers of making pay deductions."); *Rebischke v. Tile Shop, LLC*, 229 F. Supp. 3d 840, 856 (D. Minn. 2017), *appeal filed*, No. 17-1502 (Mar. 7, 2017) (noting but not explicitly accepting employer's argument, based on *Yourman*, that it was employee's burden to put forth evidence of "actual practice"). Hansberger's counsel conceded that he could not point to any cases saying it was not the employee's burden.

Regardless of who bears the burden, here "the facts [do not] demonstrate," 29 C.F.R. § 541.603(a), that an "actual practice" of improper deductions exists. Far from it. A one-time improper deduction, without more, "preclude[s] a finding of an 'actual practice.'" *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1196 (10th Cir. 2015). The facts show that L'Italia made a one-time improper deduction from one employee's salary on one day. For every other pay period during Hansberger's employment when she was a salaried employee, L'Italia made no improper deductions. Hansberger argues that no other snow days afforded L'Italia the opportunity to improperly dock her pay. Be that as it may, a "one-time improper deduction[,]"

---

[2] Subsection (e) "supports the conclusion that the DOL intended § 541.603's subsections to offer independent bases by which an employer might preserve the FLSA exemption despite some improper salary deductions." *Rebischke v. Tile Shop, LLC*, 229 F. Supp. 3d 840, 854–55 (D. Minn. 2017) (detailing history of and amendments to § 541.603). Because the DOL is charged with enforcing the FLSA, *Gonzales v. Oregon*, 546 U.S. 243, 256 (2006), its regulations are entitled to *Chevron* deference, *see Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984).

4

'taken in unusual circumstances,' would not defeat" Hansberger's exempt status, should it exist. *Ellis*, 779 F.3d at 1195 (collecting cases) (citing *Auer v. Robbins*, 519 U.S. 452, 460–61 (1997)).

Furthermore, even if the facts demonstrated that L'Italia had an "actual practice" of improper deductions, it would only lose the exemption for the week of January 23, 2016. 29 C.F.R. § 541.603(b) ("If the facts demonstrate that the employer has an actual practice of making improper deductions, the exemption is lost during the time period in which the improper deductions were made for employees in the same job classification working for the same managers responsible for the actual improper deductions."). Hansberger's arguments to the contrary are unpersuasive. Although Section 541.603 allows for both a "window of correction" and a "safe harbor" that protect employers from having to forfeit exemptions, neither provision is applicable here.[3] Thus, even if the facts demonstrated "actual practice, " L'Italia would lose the exemption, should it exist, only for the week of January 23, 2016.

For the above reasons, the court concludes that L'Italia's docking of Hansberger's pay on January 23, 2016, does not defeat its affirmative defense that Hansberger was an exempt employee. To be clear, this ruling does not determine whether L'Italia intended to pay Hansberger on a salary basis or whether Hansberger's duties met the executive exemption requirements under 29 C.F.R. § 541.100.

---

[3] The window of correction protects against exemption loss if "isolated or inadvertent" improper deductions are later reimbursed to employees, 29 C.F.R. § 541.603(c); the safe harbor, if an employer has a "clearly communicated policy" prohibiting improper deductions and "makes a good faith commitment to comply in the future," 29 C.F.R. § 541.603(d). L'Italia neither reimbursed Hansberger the $100 nor has a clearly communicated policy regarding improper deductions. 29 C.F.R. § 541.603(d) ("The best evidence of a clearly communicated policy is a written policy that was distributed to employees prior to the improper pay deductions. . . .").

5

III. CONCLUSION

For the foregoing reasons, the parties' joint motion for summary adjudication will be resolved in L'Italia's favor. An appropriate order will be entered.

Entered: September 7, 2017.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge