## CIVIL JURY TRIAL FINAL INSTRUCTIONS

*Tonya Hansberger v. L'Italia Restaurant, LLC*
Civil Action No. 5:16-cv-56

Judge Elizabeth Dillon

### JURY INSTRUCTION NO. 1
Introduction to Final Instructions

Members of the jury, now that you have heard the evidence, it is my duty to give you the instructions as to the law applicable to this case. The lawyers will then have the opportunity to present their closing arguments.

These instructions are roughly divided into three parts. First, I will talk with you about some general principles of the law. Second, I will discuss with you instructions that apply to the claims in this case and the defenses to those claims. Third, after you hear closing arguments, I will have some remarks about your deliberations in this matter. In these instructions, I may refer to L'Italia Restaurant, LLC, as "L'Italia." Let me begin with some general principles.

**JURY INSTRUCTION NO. 2**
Duty to Follow Instructions

The instructions that I gave you at the beginning of the trial and during the trial remain in effect.  You must, of course, continue to follow my earlier instructions as well as those that I give you now.  You must not single out some instructions and ignore others, but must consider the instructions as a whole.  I will send a copy of these instructions with you for your deliberations.

It is your duty as jurors to determine from the evidence what the facts are.  You will then apply the law as I explain it to you to those facts.  You must follow my instructions on the law even if you believe the law is different or should be different.  Do not allow sympathy, bias, or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you. The parties, the public, and the court expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequence.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what that opinion is.  Likewise, the actions which I have taken during the trial in ruling on motions or objections, in comments to the lawyers, or in questions to the witnesses, are not to be taken by you of any indication by me as to how you should decide the facts.  Even if you think I have an opinion as to the facts, you should entirely disregard it.  It is not my function to determine the facts.  Instead, you are the sole judges of fact in the case.

**JURY INSTRUCTION NO. 3**
Limited Liability Company as Party

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law and are to be dealt with as equals in a court of justice.

In this case, one of the parties is a limited liability company.  Companies are entitled to the same fair consideration that you would give any individual person.  Again, all people, including limited liability companies, are equal before the law.

**JURY INSTRUCTION NO. 4**
Burden of Proof- Preponderance of the Evidence

Because this is a civil case and Ms. Hansberger is the party that brought the lawsuit, Ms. Hansberger has the burden of proving her claims by the greater weight of the evidence, also known as the preponderance of the evidence.

To prove something by the preponderance of the evidence is to prove that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more believable.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a fact is more likely so than not so.  The weight does not necessarily depend upon the number of witnesses who testify.  The testimony of one witness whom you believe can be the greater weight of the evidence.

In determining whether any fact has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

**JURY INSTRUCTION NO. 5**
Evidence- Defined

As I told you when the trial began, certain things are not evidence, and I want to list those things for you again.  The following statements and utterances made during this trial are not evidence and should not be considered by you:

1.    Statements, arguments, and questions by lawyers.  These are not evidence.

2.    Objections to questions are not evidence.

3.    Testimony and exhibits that the court has excluded or told you to disregard are not evidence.

The things I have just listed are not evidence.  The evidence in the case consists of the testimony of the witnesses, as we have discussed, and any and all exhibits which have been received into evidence, and all facts which have been either admitted or stipulated.

Also, some testimony and exhibits have been received only for a limited purpose.  Where I have told you that you can consider a piece of evidence for a limited purpose only, and not for any other purpose, you should consider that evidence only for the limited purpose.

**JURY INSTRUCTION NO. 6**
Evidence- Direct and Circumstantial- Inferences

Evidence may be direct or circumstantial.  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence.  That is, it is proof of one or more facts from which one can find another fact.  You are to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Any fact that may be proved by direct evidence may be proved by circumstantial evidence; that is, you may draw all reasonable and legitimate inferences and deductions from the evidence.

**JURY INSTRUCTION NO. 7**
Credibility of Witnesses

The evidence in the case before you has consisted in part of testimony from witnesses. You may believe all of what a witness said, or only part of it, or none of it.  You are the sole judges of the credibility of the witnesses and the weight of the evidence.

You are not bound to decide any issue of fact in accordance with the testimony of witnesses which does not produce in your minds belief in the likelihood of truth.  The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witnesses, and which evidence, you believe are the most accurate, and otherwise trustworthy.  The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if, after considering all the other evidence, you believe that single witness.

In considering the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify.  On the contrary, you are permitted to draw from the facts which you find to have been proven such reasonable inferences as may seem justified in the light of your own experience.

In determining the credibility of any given witness, you should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  You may consider each witness' intelligence, motive, state of mind, demeanor, and manner while on the stand.  You may consider the witness' ability to observe the matters as to which he or she has testified and whether the witness impresses you as having an accurate recollection of these matters.  You may also consider his or her interest in the outcome of the case, and any bias or prejudice, and the extent to which, if any at all, each witness is either supported or contradicted by other evidence

in the case.  In evaluating credibility, you may call upon your own experience and background in your every day affairs in determining the reliability or unreliability of statements made by others.

In considering the testimony of witnesses, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as the witness remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important factor or with only an unimportant detail.

**JURY INSTRUCTION NO. 8**
Impeachment of Witnesses

In determining the credibility of any witness, you also may consider whether a witness has previously made statements that are inconsistent with his or her testimony here in court. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was, in fact, inconsistent with his or her testimony here in court.

If a witness at trial has been confronted with a prior statement which that witness made and that was unsworn—that is, not under oath—and that prior statement is inconsistent with his or her testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony the witness gave in court.

If the witness made the prior inconsistent statement under oath and subject to cross examination or if it was made at a deposition, then you may also treat the prior statement as evidence in this case. That is, you may treat what was said in that prior sworn testimony as true.

Again, in considering any prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important factor or an unimportant detail.

**JURY INSTRUCTION NO. 9**
Use of Deposition Testimony

A deposition is a witness's sworn testimony that is taken before the trial.  During a

deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party

may ask questions.  A court reporter is present and records the questions and answers.

You have heard the deposition of L'Italia Restaurant, LLC, taken on May 10, 2017.

Deposition testimony is entitled to the same consideration as live testimony, and you must judge

it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the

questions or answers.

**JURY INSTRUCTION NO. 10**
Charts and Summaries in Evidence

Certain charts and summaries have been shown to you to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**JURY INSTRUCTION NO. 11**
Fair Labor Standards Act Overtime Compensation Requirements

In this case, Tonya Hansberger claims that L'Italia Restaurant, LLC did not pay her the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA. The purpose of the FLSA is to eliminate the existence of labor conditions detrimental to the minimum standard of living necessary for health, efficiency, and general well-being of workers.

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if Ms. Hansberger worked more than 40 hours in one workweek, L'Italia must pay her an overtime premium.

An employee's workweek is a fixed and regularly recurring period of 168 hours—seven consecutive 24–hour periods. In this case, the parties have agreed that the workweek was from Monday to Sunday.

The FLSA provides certain exemptions from these requirements. The exemption that L'Italia argues applies in this case will be explained to you in these instructions.

**JURY INSTRUCTION NO. 12**
Essential Elements of Plaintiff's Claims

To prevail on her claim for overtime compensation, Ms. Hansberger must prove the following essential elements by a preponderance of the evidence:

1. Ms. Hansberger was employed by L'Italia during the time period at issue;

2. L'Italia is an enterprise engaged in commerce or in the production of goods for commerce;

3. Ms. Hansberger worked hours in excess of 40 hours in a workweek or workweeks; and

4. L'Italia failed to pay Ms. Hansberger overtime compensation at a rate of one and one-half times her regular rate for hours worked in excess of 40 hours.

You are instructed that L'Italia has stipulated to Ms. Hansberger's employment during the time period at issue and to the fact that it was an enterprise engaged in commerce or in the production of goods for commerce, as defined by the FLSA. Therefore, you must find that the first two elements of Ms. Hansberger's burden of proof have been established.

If you find that Ms. Hansberger has failed to prove the last two elements, or either one of them, by a preponderance of the evidence, then you must find against her on her claim for overtime pay.

If, on the other hand, you find that Ms. Hansberger has proven the last two elements by a preponderance of the evidence, then you will find in Ms. Hansberger's favor on her overtime claim, unless L'Italia has proven that the executive exemption of the FLSA applies to her.

**JURY INSTRUCTION NO. 13**
Evidence of Hours Worked and Compensation Received

"Hours worked" means physical or mental exertion (whether burdensome or not) controlled or required by L'Italia and pursued necessarily and primarily for the benefit of L'Italia and its business.

To satisfy her burden of showing that she worked more than 40 hours in a workweek and was not compensated at the overtime rate, Ms. Hansberger may rely on her employer's payroll records to establish the time worked and the compensation paid.

Under the FLSA, L'Italia has a statutory duty to maintain accurate records of the hours worked by its employees.  If L'Italia did not maintain records of the hours worked by Ms. Hansberger, or maintained incomplete or inaccurate records, Ms. Hansberger's burden of showing the hours worked in a workweek and the amount of compensation received for that workweek may be satisfied by evidence sufficient to show, by a just and reasonable inference, the number of hours she worked.

If Ms. Hansberger carries this burden, the burden then shifts to L'Italia to come forward with evidence of the precise amount of work Ms. Hansberger performed or with evidence to cut against the reasonableness of the inference to be drawn from Ms. Hansberger's evidence.

**JURY INSTRUCTION NO. 14**
Employer's Knowledge of Overtime Work

L'Italia is not responsible for payment of overtime wages to Ms. Hansberger unless

L'Italia knew or should have known that Ms. Hansberger was working overtime.  Ms.

Hansberger has the burden of proving, by a preponderance of the evidence, that L'Italia knew or

should have known that she worked overtime during the periods at issue.

**JURY INSTRUCTION NO. 15**
No Waiver of Overtime

An employee cannot waive her right to overtime pay under the FLSA.

**JURY INSTRUCTION NO. 16**
FLSA Exemption for an Executive Employee

Under the FLSA, L'Italia is not required to pay overtime compensation to an employee who is employed in a bona fide executive capacity. Such employees are exempt from the FLSA overtime requirements. This is known as the executive employee exemption.

L'Italia claims that Ms. Hansberger is exempt from the overtime requirement, because she was an executive employee.

You are instructed that L'Italia bears the burden of proving its claim that Ms. Hansberger is exempt because she was an executive employee. To satisfy its burden of proof, L'Italia must prove each of the following elements by clear and convincing evidence:

1. Ms. Hansberger was paid a salary of at least $455 per week;

2. Ms. Hansberger's primary duty was the management of Jalapeno Southwest Grill;

3. Ms. Hansberger customarily and regularly directed the work of two or more other full-time employees or their equivalent (one full-time and two-halftime employees, for example, are equivalent to two full-time employees. Four half-time employees are also equivalent); and

4. Ms. Hansberger had the authority to hire or fire other employees, or her suggestions as to hiring, firing, advancement, promotion or other change of status of other employees was given particular weight.

These are the required elements. I will explain the definitions of the terms in these elements next.

"Clear and convincing evidence" is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that it is highly

probable or reasonably certain that Ms. Hansberger was exempt because she was an executive employee.

If you find that L'Italia has shown, by clear and convincing evidence, all of these elements, then you will find that Ms. Hansberger is not entitled to overtime compensation and you will not decide the issue of Ms. Hansberger's damages.

If, on the other hand, you find that L'Italia has failed to show, by clear and convincing evidence, any of these elements, then the FLSA exemption for executive employees does not apply.

**JURY INSTRUCTION NO. 17**
Executive Exemption: "Salary Basis"

An employee is paid on a "salary basis" under the FLSA executive exemption if she regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of her compensation. This amount must not be subject to reduction because of changes in the quality or quantity of the work she performed. An exempt employee must receive her full salary without regard to the number of days or hours worked and without deductions for absences occasioned by the employer or by the operating requirements of the business.

An employer who makes improper deductions from salary shall lose the executive exemption if the facts demonstrate that the employer did not intend to pay the employee on a salary basis. The court has already determined that L'Italia did not have an actual practice of making improper deductions from Ms. Hansberger's pay. However, you may consider whether any improper deductions show that L'Italia did not intend to pay Ms. Hansberger on a salary basis, and in fact did not do so.

## JURY INSTRUCTION NO. 18
Executive Exemption: "Primary Duty"

One of the essential elements of the executive exemption is that the employee's primary duty must be directly related to the management of general business operations.

"Primary duty" means the principal, main, major or most important duty that the employee performs. Employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement. Even if an employee does not spend more than 50 percent of her time performing exempt work, her primary duty may still be management, particularly when a) non-management duties are performed at the same time as supervision of employees, or b) when other management tasks and other factors support a finding that the employee's primary duty is managerial.

The factors you should consider in determining whether Ms. Hansberger's primary duty was management include, but are not limited to:

1. the relative importance of the "management" duties compared with other types of duties;

2. time spent performing "management" work;

3. Ms. Hansberger's relative freedom from direct supervision; and

4. the relationship between Ms. Hansberger's salary and the wages paid other employees for the kind of non-exempt work performed by Ms. Hansberger.

Determination of Ms. Hansberger's "primary duty" must be based on all the facts in her particular case.

**JURY INSTRUCTION NO. 19**
Executive Exemption: Management

Examples of "management" activities include, but are not limited to, activities such as

interviewing, selecting, and training of employees; setting and adjusting their rates of pay and

hours of work; directing the work of employees; maintaining production or sales records for use

in supervision or control; appraising employees' productivity and efficiency for the purpose of

recommending promotions or other changes in status; handling employee complaints and

grievances; disciplining employees; planning the work; determining the techniques to be used;

apportioning the work among the employees; determining the type of materials, supplies,

machinery, equipment or tools to be used or merchandise to be bought, stocked and sold;

controlling the flow and distribution of materials or merchandise and supplies; providing for the

safety and security of the employees or the property; planning and controlling the budget; and

monitoring or implementing legal compliance measures.

Ms. Hansberger doesn't need to have performed each of these activities to satisfy the

"primary duty" requirement.  Instead, you should determine her "primary duty" by considering

all of the circumstances—in particular, the four factors I explained in the last instruction.

**JURY INSTRUCTION NO. 20**
Damages- Reasonable Not Speculative

If you return a verdict for Ms. Hansberger—that is, if you decide that L'Italia failed to pay Ms. Hansberger the overtime pay required by law and that Ms. Hansberger was not exempt as an executive employee—then you must determine the issue of damages.

Ms. Hansberger has the burden of proving, by a preponderance of the evidence, that she suffered damages. In determining the amount of any damages that you decide to award, you should use your common sense; you may draw reasonable inferences from the facts in evidence. The law does not require that Ms. Hansberger prove the amount of her loss with mathematical precision, but only with as much definiteness and accuracy as the circumstances allow.

Damages must be reasonable. You may not award damages based on sympathy, speculation, or guesswork.

Damages are not allowed as a punishment and cannot be imposed or increased to punish L'Italia. Also, damages must not include sums for court costs or attorney's fees.

## JURY INSTRUCTION NO. 21
Compensatory Damages

The measure of damages for an overtime compensation claim is the difference between what L'Italia should have paid Ms. Hansberger and the amount that Ms. Hansberger was actually paid.  You are instructed that the amount of overtime compensation for work exceeding 40 hours in a workweek is calculated by first determining the employee's regular hourly rate of pay for the workweek for which overtime is claimed.

The "regular rate" of pay is the hourly rate actually paid the employee for the normal, non-overtime workweek for which she was employed.  The regular rate of pay is determined by dividing the employee's compensation for employment in any workweek by the total number of hours actually worked by her in that workweek for which such compensation was paid.  I will discuss separately how to treat tips when calculating the regular rate.

In calculating the regular rate for this particular case, and in determining any overtime amount owed, there may be different rules applicable to different time periods, depending on how much Ms. Hansberger was paid and how much she worked.  You should calculate any damages separately for each week, or for each group of weeks where her regular rate does not change.

First, for any period of time in which Ms. Hansberger was paid an hourly wage, the regular rate of pay is the hourly rate actually paid the employee.  In calculating this regular rate, you may apply the tip credit if you find it applicable under the instructions I will give you later.

For any period of time in which Ms. Hansberger was paid a salary, the regular hourly rate of pay is computed by dividing the salary by the number of hours which the salary is intended to compensate.  If an employee is hired at a salary of $350 and if it is understood that her salary is compensation for a regular workweek of 35 hours, the employee's regular rate of pay is $350

divided by 35 hours, or $10 an hour.  When the employee works overtime the employee is entitled to receive $10 for each of the first forty hours and $15 (1.5x $10) for each hour thereafter.

When calculating overtime compensation, the compensation amount that should have been paid is the number of hours worked over 40 up to the amount of hours the salary was intended to compensate x .5, PLUS the amount of hours in excess of the amount the salary was intended to compensate x 1.5.  The .5 rate recognizes that the employee was already compensated at regular time for the hours up to the amount the salary was intended to compensate, so they are only owed a "half" premium for those hours.

## JURY INSTRUCTION NO. 22
### Tip Credit Under the FLSA

In this case, you have also heard testimony about tips and tip income.  Ms. Hansberger's

tip income may affect your calculation of damages only with regard to the period of employment

prior to Ms. Hansberger receiving pay of $500 per week.  There are, however, specific rules

about whether you can consider tip income at all, and specific rules about how you must treat

those tips.

You must determine if L'Italia is entitled to the benefit of the FLSA's "tip credit," as

L'Italia contends.  If L'Italia satisfies certain requirements, then the FLSA permits L'Italia to

take a tip credit toward its minimum wage obligation for tipped employees equal to the

difference between the required cash wage (which must be at least $2.13 per hour) and the

federal minimum wage (which is $7.25 per hour).  So, an hourly tip credit may be taken to

satisfy up to $5.12 per hour of wages.

The tip credit is available, however, only if the employer satisfies two requirements.

First, there are certain notice requirements that L'Italia must satisfy, which I will discuss in a

moment.  Second, L'Italia must allow Ms. Hansberger to retain all of her earned tips.  L'Italia, as

the employer, bears the burden of demonstrating by a preponderance of the evidence that it meets

these requirements.

### JURY INSTRUCTION NO. 23
Tip Credit Notice Requirements

L'Italia must provide all of the following information to a tipped employee, either orally or through written notice, before it may use the FLSA tip credit:

1. The amount of cash wage L'Italia is paying the tipped employee, which must be at least $2.13 per hour;

2. The additional amount claimed by L'Italia as a tip credit, which cannot exceed $5.12 (the difference between the minimum required cash wage of $2.13 and the current minimum wage of $7.25);

3. That the tip credit claimed by L'Italia cannot exceed the amount of tips actually received by the tipped employee;

4. That all tips received by the tipped employee must be retained by the employee; and

5. That the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions.

An employer who fails to provide the required information cannot use the tip credit and therefore must pay the tipped employee at least $7.25 per hour in wages and allow the tipped employee to keep all tips received. If you find that L'Italia has not complied with the tip credit requirements (both the notice requirement and allowing Ms. Hansberger to retain all tips), then it is not allowed to take a tip credit and you may not consider tips in determining any damages.

If, on the other hand, you find that L'Italia is entitled to the benefit of the tip credit, then L'Italia may apply the tip credit to hours worked in excess of 40 to satisfy its overtime wage obligations. So, you may credit the tip income (up to $5.12 per hour, if at least that much was earned in tips) in determining any damages owed. L'Italia may not, however, take a higher tip credit against its minimum wage obligations during overtime hours than is taken during non-

overtime hours, and you may not give a higher credit when calculating damages.  Again, you

may only consider a tip credit, if applicable, to the period of Ms. Hansberger's employment prior

to her receipt of pay of $500 per week.

**JURY INSTRUCTION NO. 24**
Calculating Hourly Rates With Tip Credit

If you determine that L'Italia may take the tip credit, then you should calculate the regular rate using the tip credit, but should not include tips that exceed the tip credit in calculating the employee's regular rate of pay. Such tips are not payments made by the employer to the employee as compensation for employment under the FLSA.

So, for example, if an employee was paid a total of $8.00 per hour including the tip credit (for example, $3.25 per hour plus $4.75 through the tip credit), then her regular rate would be $8.00 per hour, even if she earned more than $4.75 per hour in tips. In the same example, that employee's overtime rate would be $12.00 per hour ($8.00 x 1.5), but the employer would be entitled to a tip credit of $4.75 per hour, and so the employer would only be required to pay $7.25 per hour in overtime wages: (overtime rate ($12.00) minus hourly tip credit ($4.75) = hourly overtime wage owed by employer ($7.25)). This is an example only to assist you in the event that you find damages are warranted and that the tip credit is applicable. By giving this example, the court is not indicating whether damages are appropriate or whether L'Italia is entitled to any tip credit. Those decisions are yours to make.

**JURY INSTRUCTION NO. 25**
Effect of Instructions as to Damages

You should not consider the fact that I have instructed you about the measure of damages as suggesting any view of mine as to which party should receive your verdict.  Instructions about damages are given for your guidance, in the event you should find in favor of Ms. Hansberger.

You are instructed that the question of damages is entirely separate and different from the question of liability.  You should not consider the question of whether or not Ms. Hansberger has been damaged until you have first considered and decided the question of whether or not L'Italia is liable.

## JURY INSTRUCTION NO. 26
### Closing Arguments

In a few moments, I will finish these instructions and then the attorneys will have the opportunity to present their closing arguments.  Then, it will be time for you to retire to the jury room to begin your deliberations.  I will instruct you after closing arguments as to how you should conduct those deliberations. For now, I would ask each of you to give your attention to the attorneys as they give their closing arguments.  After the closing arguments, we will give you one official verdict form before you begin your deliberations.

I have given you your instructions as to the law, and we are ready for the closing arguments.

As I have instructed you, this is a civil action and the burden is on the plaintiff in a civil action to prove the case by a preponderance of the evidence, by the greater weight of the evidence.

Since the burden of proof is on the plaintiff, under our legal system, the plaintiff will have the right to open and close the arguments.  So, you will first listen to counsel for Ms. Hansberger, then you will listen to counsel for L'Italia, and then since the burden of proof is on Ms. Hansberger, Ms. Hansberger will have the right to present the final closing argument.

As I told you at the very beginning of this trial and again in instructing you on the law, neither the opening statements nor the closing arguments are evidence in the case, and must not be considered by you as such.  The closing arguments will be made now to assist you in evaluating the evidence and applying the law.

**JURY INSTRUCTION NO. 27**
Duty to Deliberate- Verdict Forms

You have now heard closing arguments and you will soon return to the jury room to deliberate. There are certain rules you must follow in conducting your deliberations and in returning your verdict.

First, when you go to the jury room, you will select one person to act as your foreperson. The foreperson will preside over your discussions and will be your spokesperson here in court.

Second, it is your duty as jurors to discuss this case with one another in the jury room. You should try to reach agreement without sacrificing your individual judgment, because a verdict must be unanimous. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors. I will always first disclose to the attorneys your question and my response before I answer your question. I will respond as soon as possible either in writing or by having you return to the courtroom so that I can address you personally. You should not tell anyone–including me or the court security officer–how your vote stands numerically, and any notes should not indicate how your vote stands numerically.

Fourth, during your deliberations, you must not communicate with anyone else outside of the jury about the case.  You must not use any electronic device, including cell phones, the Internet, a blog, website, other method to communicate about the case or conduct any research.

Fifth, your verdict must be based solely on the evidence and on the law which I have given you in my instructions.  The verdict must be unanimous, you must all agree.  Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.  If you wish to have any or all of the exhibits sent to you in the jury room, you should advise the court security officer.

Finally, a verdict form has been prepared for your responses, as you will see.  A verdict form is simply a written notice of a decision that you reach in this case.  You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the court security officer that you are ready to return to the courtroom. I tell you that in answering the questions and inquiries on the verdict form, it is necessary that each of you agree as to the response.  Your verdict as to each question must be unanimous.

Once again, when you enter your jury room, your first responsibility will be to elect a foreperson.  You will then begin your deliberations.  Once you begin your deliberations, you should not have contact with any person other than the court security officer.

 If you recess during your deliberations, follow all of the instructions that the court has given you about your conduct during the trial.

I will ask the court security officer now to please deliver the official verdict form to the jury.  Then, if he would please take the jury out into the hall but not all the way into the jury

room and let me converse with counsel for just a few moments before we send the jury to

deliberate.