IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| TONYA HANSBERGER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>L'ITALIA RESTAURANT, LLC, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 5:16cv00056 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR ATTORNEY'S FEES AND COSTS**

**I.      INTRODUCTION AND BACKGROUND**

Plaintiff filed suit in this action on August 30, 2017. In her Complaint, Plaintiff sought unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Defendant filed its answer on September 23, 2016, which denied that it owed Plaintiff any overtime compensation and asserted two affirmative defenses (Executive and Administrative).

The case proceeded through discovery which included each side issuing interrogatories and document requests and with Defendant additionally serving requests for admission. Each of the parties were deposed. See Declaration of John B. Simpson. Perhaps somewhat unusual for a FLSA unpaid overtime case, pretrial discovery elicited a substantial volume of documents. *Id.* Combined, the parties produced nearly 2,000 pages of documents in discovery, with Defendant alone having produced approximately 1,200 pages.[1]   *Id.*   Most of these documents were generated by or as part of Defendant's Point of Sale (POS) computerized system at the restaurant which tracked sales, receipts, tips and the clock-in and clock-out times for each of its employees.

*Id.* Because Plaintiff worked at the restaurant for restaurant for approximately 15 months, the volume of such documents was substantial.

The trial took place two days and resulted in a jury verdict in Plaintiff's favor awarding her damages in the amount of $8,363.60. The issues at trial were not limited to the fact intensive issue of whether or not Plaintiff was an exempt manager employee, but included complex issues related to calculation of her damages. Not only were there questions about whether Defendant was entitled to a credit for tip income earned by Plaintiff, but over her 15 months of employment Plaintiff was compensated at different rates and terms at different times. As a result, the evidence and the relevant calculations were far from simple and straightforward.

Along with the present Motion, Plaintiff has filed a Motion for Liquidated Damages which, if granted, would double the verdict amount. For the reasons stated below, an award of $73,472.50 in attorney's fees and $1,622.63 in costs should be granted to Plaintiff and her counsel.

    **II.**    **ARGUMENT**

    **A.**    **As the prevailing party Plaintiff is entitled to an award of her reasonable attorney's fees and costs.**

The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). As the Fourth Circuit has noted, "the award of fees and costs to a prevailing party is mandatory under the FLSA." *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984). While the award of fees and costs is mandatory, the amount of the award is within the discretion of the judge. *Id.*

---

[1] One such document produced by Defendant in discovery, its "Payroll Detail Report" consisted of 361 pages with thousands of entries.

2

### B. The amount of attorney's fees sought by Plaintiff is reasonable.

Where a statute authorizes the award of attorney's fees, the Fourth Circuit has adopted the lodestar method of determining reasonable attorney's fees. *Brodziak v. Runyon*, 145 F.3d 194, 195 (4th Cir. 1998). The loadstar amount is determined by multiplying the number of reasonable hours expended times a reasonable rate." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013), (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). The lodestar method has been found to bear a "strong presumption" that it "represents a reasonable attorney's fee." *McAfee, supra*, at 88; *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010).

The determination of what constitutes the reasonable hours expended and the reasonable rate for a particular case should involve consideration of the following "Johnson Factors" (*Johnson v. Georgia Highway Express, Inc,* 488 F.2d 714, 717-19 (5th Cir. 1974): (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorneys' expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10 the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (1) attorney's fee awards in similar cases. *Brodziak, supra*, at 196.

The hourly rates requested herein, $300/hr. for John B. Simpson (a lawyer in practice for more than 35 years) and $175/hr. for Robinson J. Hubbard (a recent graduate of Washington and Lee School of Law, and former law clerk for the Honorable Victor Ludwig) are commensurate

with the experience, reputation and ability of these attorneys. *See* Declarations of John B. Simpson, Robinson J. Hubbard, and Timothy E. Cupp. Submitted in support of Plaintiff's motion for attorney's fees and costs is a copy of contemporaneously made time and expense records which detail each time entry and task performed by Plaintiff's attorneys in this case along with each cost incurred. *See* Declaration of John B. Simpson.

The gross total number of hours billed by John B. Simpson in this case is 220. The gross total number of hours billed by Robinson J. Hubbard is 57.90. These numbers reflect the gross number of hours billed, however, consideration of the Johnson Factors results in certain adjustments. With regard to Mr. Simpson's time, adjustments related to two issues are appropriate. First, in February of 2016, Mr. Simpson requested a continuance of the trial due to a prior family commitment. Mr. Simpson billed a total of .8 hours, and $240.00 for time related to this continuance and therefore his hours and fees should be correspondingly reduced. In addition, on March 28, 2016, through no fault of Defendant or its counsel, the deposition of Plaintiff was continued, but only after Mr. Simpson had travelled to Harrisonburg. Although a portion of the 3.5 hours billed that day pertained to a conference between Mr. Simpson and Defendant's counsel, out of an abundance of caution, the entire 3.5 hours and $1,050.00 in fees are not included in this fee request. Finally, although Mr. Hubbard billed a total of 57.90 hours, 15.2 of these hours were billed out a zero dollar rate since these entries involved Mr. Hubbard becoming familiar with the facts and issues in the case. Consequently, although Mr. Hubbard entered 57.90 hours of time in this matter, fees are being requested for 42.7 hours.

The total fees sought for Mr. Simpson's 220 hours @ $300.00 per hour is $66,000.00. The total fees sought for Mr. Hubbard is $7,472.50. The total fees sought is thus $73,472.50.

4

The total time recorded during the approximately 18 months of litigation, including a two-day jury trial, is not excessive. In addition to the party depositions, more than 1,200 pages of documents were produced by Defendant, which included many thousands of individual entries. A substantial amount of time was necessarily required in order to weed out relevant and admissible evidence. In addition, pretrial proceedings included motions *in limine* and for summary judgment.

The parties in this case had serious disputes regarding the application of the executive exemption. In addition, the calculation of Plaintiff's unpaid overtime was complicated and difficult due to issues relating to tip income, the lack of reliable time records maintained by Defendant, and the different compensation rates for Plaintiff over the course of her employment.

This case required a high degree of skill and competence by Plaintiff's counsel in conducting discovery, including deposing Defendant; preparing, filing and opposing motions *in limine* and summary judgment; accumulating, analyzing and presenting evidence and argument in two day federal court jury trial.

Although Plaintiff's counsel do not claim any specific preclusion, the substantial time, energy and effort expended in this case necessarily limited their ability to perform work for other existing or prospective clients.

The hourly rate requested for Mr. Simpson is actually on the low end for attorneys with his level of experience. Mr. Simpson holds active bar licenses in in three states (Virginia, New York, and Hawaii) and has represented clients *pro hac vice* in complex commercial litigation in Washington State and the District of Columbia.

The hourly rate requested for Mr. Hubbard is commensurate with his experience and abilities. Notably, Mr. Hubbard actively participated in the trial including the examination of two important witnesses.

Plaintiff's counsel handled this case on a contingent/statutory fee basis. Plaintiff has not paid any attorney's fees of costs in this case, nor is she in a position to do so. The requested fees represent the only compensation available to Plaintiff's counsel. Here, the contingency fee arrangement entered into between counsel and Plaintiff was that counsel would receive the greater of (1) the Court awarded attorney's fees, or (2) 33-1/3% of any and all amounts recovered in a judgment award or obtained in settlement. Under similar circumstances, courts have routinely rejected defense contentions that any fee award should be limited a percentage of plaintiff's recovery, as in a standard contingency fee arrangement and have held that the lodestar method applies. *See Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425-26 (2nd Cir. 1999) (rejecting "billing judgment" approach and holding that lodestar method should be applied to attorneys' fee applications in employment discrimination cases).

The result of the litigation is that Plaintiff's rights under the FLSA were vindicated. Plaintiff was successful on the only claim asserted in her complaint - that she was owed unpaid overtime under the FLSA. While it is true that the jury awarded Plaintiff less than she asked for, the jury faced an extremely complex and problematic math problem in calculating her unpaid overtime. Rather than simply apply an hourly rate to the overtime hours, the jury was faced with three different compensation rates and the existence of tip income that arguably could have been applied to the calculation of unpaid overtime during at least a part of Plaintiff's claim.

The Fourth Circuit has long recognized that "[a]wards of attorney's fees substantially exceeding damages are not unusual in civil rights litigation." *Thorn v. Jefferson-Pilot Ins. Co.*,

445 F.3d 311, 328 n. 20 (4th Cir. 2006) (citing *Mercer v. Duke Univ.*, 401 F.3d 199, 211-12 (4th Cir. 2005). The same principal has been applied in FLSA cases. *E.g., Almendarez, et al. v. J.T.T. Enterprises Corp., et al.,* 2010 WL 3385362 (D. Md. 2010) ($84,058 attorney fee award based on three out of eight plaintiffs obtaining judgments totaling $3,300 before liquidated damages).

"The purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances. Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins,* 19 F.3d 1126, 1134-35 (6th Cir. 1994). Moreover, the Supreme Court has rejected the proposition that a fee award must be proportionate to the amount recovered. *See Riverside v. Rivera,* 477 U.S. 561, 565 (1986).

This was a case involving protracted litigation and out of pocket expenses without benefit to timely payment. It was thus inherently less desirable than one in which counsel is paid on a regular basis.

Given that the rates and hours for the fees requested as reasonable, comparison with other cases is not necessary. Nevertheless, similar recoveries have resulted in far larger fee awards. *See Almedarez, et al., v. J.T.T. Enterprises Corp., et al.,* 2010 WL 3385362 (D. Md 2010) ($84,058.00 fees awarded where judgment of $3,300.00 together with liquidated damages); *Lusk v. Virginia Panel Corp.*, 96 F.Supp. 3d 573 (W.D. Va. 2015, Judge Urbanski) ($186,276.79 fees awarded where judgment total of $25,258.14).

 C. **<u>Plaintiff Should be Awarded All of the Requested Costs.</u>**

In FLSA cases the District Courts have discretion in assessing costs against a losing defendant. *Roy v. Cnty. of Lexington, S.C.,* 141 F.3d 533, 549 (4th Cir. 1998). Such costs may include the "reasonable out-of-pocket expenses incurred by the attorney which are normally charge to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel,* 852 F.2d 762, 771 (4th Cir. 1988). In the present case, Plaintiff requests a total of $1,622.63, representing the following costs: $400.00 filing fee; $66.34 mileage to and from Harrisonburg for depositions; $1,014.51 for deposition transcripts; and $141.78 mileage to and from Harrisonburg for trial.

### III.   CONCLUSION

For the above-stated reasons, Plaintiff respectfully requests that this Honorable Court award $73,472.50 in attorney's fees and $1,622.63 in costs.

Respectfully submitted,
TONYA HANSBERGER
By Counsel

JOHN B. SIMPSON, VSB #38759
ROBINSON J. HUBBARD #91688
MARTINWREN, P.C.
400 Locust Ave., Suite 1
Charlottesville, VA  22903
(804) 817-3100 (phone)
(804) 817-3110 (fax)
simpson@martinwrenlaw.com

Attorneys for Plaintiff TONYA HANSBERGER

8

## CERTIFICATE OF SERVICE

I hereby certify that on the ___5th___ day of October, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF that will send a true and correct copy of the foregoing to the following counsel of record:

>KEVIN M. ROSE, VSB #35930
>MICHAEL W. SHARP, VSB #89556
>BotkinRose PLC
>3190 Peoples Drive
>Harrisonburg, VA 22801
>krose@botkinrose.com
>msharp@botkinrose.com

_____
John B. Simpson

\\MWLAWAD-17\Clients\(2016) clients\16-151 Hansburger, Tonya - overtime claim\Pleadings\Memo Sup Atty's Fees.doc

9