IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| TONYA HANSBERGER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 5:16cv00056 |
| L'ITALIA RESTAURANT, LLC, | ) ) ) |
| Defendant. | ) ) |

### DECLARATION OF JOHN B. SIMPSON

I, John B. Simpson, hereby declare:

1. I am counsel for the above-named Plaintiff TONYA HANSBERGER in the above-styled action

2. I am licensed to practice law in the State of Hawaii, the State of New York, and in the Commonwealth of Virginia. I have been licensed to practice law since 1981. Since commencing my legal career with trial work in the Department of the Attorney General for the State of Hawaii I have tried many cases including both bench and jury trials. In addition to the aforementioned jurisdictions where I hold active licenses, I have actively litigated complex commercial cases in courts in the State of Washington and in the District of Columbia, on a *pro hac vice* basis.

3. I am a shareholder in MartinWren, PC.

4. I have charged clients $300.00 per hour for legal work I have done for the last several years. I am informed and of the belief that this hourly rate is substantially below that charged for similar services by attorneys with similar levels of experience in central Virginia.

5.  This case was handled on a contingency/statutory fee basis. Plaintiff has not paid any attorney's fees or costs in this case, nor is she in a position to do so. The requested fees represent the only compensation available to Plaintiff's counsel.

6.  The contingency fee arrangement entered into between MartinWren, P.C., and Plaintiff was that the attorney would receive the greater of either (1) the Court awarded attorney's fees, or (2) 33-1/3% of any and all amounts recovered in a judgment award or in settlement obtained.

7.  This case was vigorously litigated by Defendant. In addition to the two day jury trial and motions filed with and heard by the Court in this case, there was a substantial amount of pretrial discovery, including: a) depositions of the parties; b) Defendant served two sets of interrogatories, a request for production of documents, and a request for admissions; c) Plaintiff served one set of requests of interrogatories, and a request for production of documents; and d) combined, the parties produced nearly 2,000 pages of documents in discovery, with Defendant alone having produced approximately 1,200 pages. Most of these documents were generated by or as part of Defendant's Point of Sale (POS) computerized system at the restaurant which tracked sales, receipts, tips and the clock-in and clock-out times for each of its employees and included thousands of individual entries.

8.  There were three pretrial motions, including a motion for partial summary judgment heard by the Court.

9.  Defendant's affirmative defense, that Plaintiff was an exempt employee, required a fact-intensive claim involving her specific duties over an approximately 15 month period of employment and whether based on the facts, her primary duty was one of management.

10. The case was further complicated due to Defendant's claim that it should be credited tip income earned by Plaintiff against her overtime claim.

11. The case was unnecessarily further complicated due to the fact that Defendant did not maintain accurate or reliable records of Plaintiff's hours during her employment there.

12. In addition, because Plaintiff was compensated under three different compensation schemes, calculation of her unpaid overtime was far from a simple math exercise.

13. Attached as Exhibit "A" is a true and correct copy of the Client Ledger for Plaintiff as maintained by MartinWren. The Client Ledger is a record that is regularly maintained in the ordinary course of business of MartinWren. It contains records of all billing entries and charges that are entered for a particular file or matter. The time entries shown on the Client Ledger are contemporaneously made by the attorney who performed the services, who therefore has personal knowledge of the services described in the entry. The entries for costs or expenses are contemporaneously made by the attorney's assistant or the MartinWren bookkeeper based their personal knowledge of the actual expenses incurred by MartinWren on behalf of the Defendant in the defense of this matter.

14. Contemporaneous entry and recordation of fees and costs, as described in the preceding paragraph, is a regular task and routinely performed by attorneys and staff at MartinWren, PC, as an ordinary part of their job responsibilities.

15. The attached Exhibit "A" shows all of the attorneys' fees and expenses that were incurred by Plaintiff in the above-styled case. The entries I made are designated as for "Lawyer: 5". The entries designated as for "Lawyer 14" are those made by Robinson J. Hubbard.

16. Since MartinWren commenced representation of Plaintiff in this case, I billed Plaintiff for a total of 224.3 hours, or fees in the amount of $67,290.00, as shown on the attached Client Ledger.

17. I have gone through all of my time entries shown on the Client Ledger in order to remove any fees for any work that was not successful or unnecessary. The work that I performed that was not successful or necessary included time spent on February 14th and 16th, 2017, totaling 0.8 hours ($240.00), related to the continuance of the original trial date. The need for this continuance arose due to a scheduling conflict I had that was unrelated to this case. Additionally, the unnecessary time includes my March 28, 2017 entry totaling 3.5 hours ($1,050.00) which involved travel to and from Defendant's counsel's office for depositions which did not take place due to the illness of Plaintiff. Although some of this time on March 28th involved a conference with opposing counsel that involved settlement discussions, in order to assure that no unnecessary time is included in this request, the entire 3.5 hours has been excluded along with the 0.8 hours related to the continuance.

18. As shown on the attached Client Ledger, I have drawn an "X" through the entries which included time related the continuance at my request and the continued deposition due to Plaintiff's illness.

19. After going through each and every entry of my time in this case as described above, of the total 224.3 hours of time and $67,290.00 in fees billed by me on this matter, I have determined that 4.3 hours and fees $1,290.00 were incurred by Defendant for work done that was not necessary or attributable to Defendant.

20. Plaintiff has also incurred costs and expenses in defending this matter. Those costs include filing fees ($400.00), the costs and fees of the court reporter and transcripts for the

4

depositions ($1,014.51), and mileage ($271.25). A true and correct copy of the Disbursement History showing these disbursed costs and the total of $1,685.86 and a copy of the individual invoice from Hart Reporting are attached as Exhibit "B". Since the mileage costs incurred include mileage to and from Harrisonburg for the cancelled March 28, 2017 deposition, that $63.13 cost is not being included. The total amount of costs requested by Plaintiff is thus $1,622.63.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Charlottesville, Virginia this ___5th___ day of October, 2017.

Dated this this ___5th___ day of October, 2017.

                                                            Respectfully submitted,

                                                            _____
                                                            John B. Simpson
                                                            MartinWren, PC
                                                            400 Locust Ave, Suite 1
                                                            Charlottesville, VA  22902
                                                            Ph:  434-817-3100
                                                            Fax: 434-817-3110
                                                            simpson@martinwrenlaw.com